# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7573 | **DATE** | May 17, 2001 |
| **CASE TITLE** | Duever v. Rivera, IRS Revenue Officer, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■  [Other docket entry]  The United States' motion to dismiss [4-1] is granted.  This action is dismissed for lack of subject matter jurisdiction.  See attached for details.  ENTER MEMORANDUM OPINION.

(11)  x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| x | Notices MAILED by judge's staff. | | MAY 2 2 2001 | | |
| | Notified counsel by telephone. | | date docketed | | 16 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to _____ | | date mailed notice | | |
| KAM | courtroom deputy's initials | EO-7 FILED FOR DOCKETING 01 MAY 22 AM11: 24 | KAM | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |
| | | (Reserved for use by the Court) | | | |

May 17, 2001

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOHN DUEVER,                          )
                                      )
              Plaintiff,              )
                                      )
    v.                                )    No. 00 C 7573
                                      )
R. RIVERA, IRS Revenue Officer,       )
INTERNAL REVENUE SERVICE, District    )
Director, Downers Grove, Illinois,    )
INTERNAL REVENUE SERVICE, District    )
Director, Kansas City, Missouri,      )
INTERNAL REVENUE SERVICE, District    )
Director, Chicago, Illinois,          )
                                      )
              Defendants.             )
                                      )

**MEMORANDUM OPINION**

Before the court is the United States' motion to dismiss this

action.  For the reasons explained below, the motion is granted.

**Background**

The following facts are drawn from the plaintiff's complaint

and amended complaint[1] and are taken as true for the purpose of

deciding this motion.  John Duever, the pro se plaintiff, claims

that as one of the "sovereign American people" he is not subject to

federal taxation.  This, of course, led to a dispute with the

Internal Revenue Service (IRS), which claims that he owes more than

---
[1]  The initial complaint was nothing like the short and plain statement
of facts required under Federal Rule of Civil Procedure 8.  Rather, it was an
extended attempt to argue the legal merits of the plaintiff's claims.  The
amended complaint filed on March 22, 2001 was much more concise but left out some
of the allegations in the initial complaint.  Because the plaintiff is proceeding
pro se we will give him the benefit of the doubt and consider the factual
allegations raised in both pleadings.

$100,000[2] in taxes. The plaintiff has refused to pay these taxes because he believes that payment of federal taxes is voluntary and he has not volunteered. To enforce payment, the IRS has levied on his bank accounts and employer for money he has earned. He brought this suit to challenge the assessment of taxes and enforcement of the assessment, arguing, in part, that the IRS has violated his Fourth and Fifth Amendment rights.

The defendants are IRS Revenue Officer R. Rivera, and the IRS District Directors responsible for the areas of Downers Grove, Illinois, Kansas City, Missouri, and Chicago, Illinois. The plaintiff seeks (1) an injunction to prevent the IRS from collecting money from his bank accounts and employer; (2) a "determination of taxpayer status"; (3) recovery of funds the IRS has obtained through the levies, (4) damages including lost wages, front pay, liquidated damages, punitive damages, and compensatory damages for emotional distress in the amount of $9,000,000.

The government argues in its motion to dismiss that this court does not have jurisdiction over the case because the United States has not waived its sovereign immunity from suit.

## Analysis

As an initial matter, we must resolve some apparent confusion about the capacity in which the defendants are sued. The plaintiff does not expressly state whether he is suing the defendants in their official or personal capacities, but it is clear from all of

---

[2] Attached to the complaint is a "Notice of Levy" which states that the plaintiff owes $126,821.04 in taxes, including statutory additions.

the pleadings that the plaintiff is interested not in imposing personal liability upon the named defendants but in obtaining relief against the IRS. For example, there are no references to the actions of the individual defendants, but only to the actions of "the IRS." Moreover, in a "Memorandum in Support of Proof of Service," the plaintiff states that he served the defendants by certified mail pursuant to the rules governing service upon the United States. See Federal Rule of Civil Procedure 4(i)(1). The rules contemplate that individuals sued in their official capacity may be served by certified mail, FRCP 4(i)(2)(A), but individual capacity suits require more. See FRCP 4(i)(2)(B) (stating that the individual officer must be served according to FRCP 4(e), (f), or (g)). The plaintiff does not contend that he served (or attempted to serve) the individual defendants under FRCP 4(e). Therefore, we have no trouble concluding that this is a suit against the defendants in their official capacities only, and as such, a suit against the federal agency. See General Railway Signal Co. v. Corcoran, 921 F.2d 700, 704 (7th Cir. 1991).

"Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." Federal Deposit Ins. Co. v. Meyer, 510 U.S. 471, 475 (1994). Because sovereign immunity is jurisdictional in nature, we may not consider the merits of the plaintiff's claims unless we find that the federal government has waived its immunity from suit in this case. Id. The plaintiff must meet a high standard to show that the federal government has waived

its immunity: a waiver must be 'unequivocally expressed' in the statutory text, and the scope of the waiver must be strictly construed in favor of the sovereign.  <u>Department of Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 261 (1999) (citing cases); <u>see also</u> <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941) (the "terms of the [federal governments'] consent to be sued in any court define that court's jurisdiction to entertain that suit").

## A.   Plaintiff's Claims for Injunctive Relief

The plaintiff relies on 26 U.S.C. § 6334(e)(1)(B) to argue that this court has jurisdiction over his claims that the IRS unlawfully levied on his property.  Section 6334(e)(1)(B) states that the "district courts of the United States shall have exclusive jurisdiction to approve a levy under subparagraph (A)."  The plaintiff reasons that if the district courts have jurisdiction to approve a levy, they have jurisdiction to disapprove a levy.  This argument is frivolous.  The jurisdictional grant of § 6334(e)(1)(B) applies only to subparagraph (A), which states that a principal residence may be levied if a district court judge approves the levy.  The plaintiff makes no contention that his principal residence has been levied, much less a contention that any such levy lacked the approval of a district court judge.  Thus, § 6334(e)(1)(B) does not operate to waive the federal government's sovereign immunity.

In fact, claims for injunctive relief from the IRS's
assessment and enforcement actions are barred by the Anti-
Injunction Act, which states, in pertinent part:

> [N]o suit for the purpose of restraining the
> assessment or collection of any tax shall be
> maintained in any court by any person, whether
> or not such person is the person against whom
> such tax was assessed.

26 U.S.C. § 7421(a).

As with many statutes, § 7421(a) has its exceptions. The
plaintiff argues that three statutory exceptions apply to his case:
§ 6213, § 6331, and § 7426. We disagree. Section 6213 applies in
cases where the taxpayer seeks a redetermination of a finding of
deficiency. The plaintiff does not allege that he has sought a
redetermination of any IRS findings of deficiency.[3] Section 6331
applies in cases where levies are imposed during the pendency of
proceedings for refunds of divisible taxes; there is no contention
that the plaintiff is seeking a refund of divisible taxes. He also
argues that § 7421 is a waiver of sovereign immunity where a
citizen claims that his property has been subject to a wrongful

---

[3] Although the plaintiff does not allege it in any of his complaints,
we will consider his argument that he sought administrative review pursuant to
26 U.S.C. § 7429(a)(2), which he labels as a request for redetermination. Section
7429(b) provides jurisdiction in the district courts if a taxpayer requests
administrative review of jeopardy levies or assessment procedures. Apparently,
however, the plaintiff sought neither a redetermination of deficiency nor a
review of jeopardy levies. His "Request for an Administrative Review Pursuant
to 26 U.S.C. § 7429(a)(2)," which is attached as an exhibit to his brief, states
that he seeks review "of the information upon which Secretary relied in making
a determination that Claimant(s) were within Respondent(s)' jurisdiction, as a
matter of law," and "for the purpose of obtaining a Formal Declaration of
Jurisdiction, the Rights of Citizen, and the Taxpayer Status of Claimant."
Whatever the label, this claim for review certainly does not come within the
ambit of § 7429 or § 6213 and, therefore, does not support our jurisdiction over
the case.

- 6 -

levy. We have been unable to find the case he cites for this proposition ("Hollingshead vs. U.S. 85-2 U.S.T.C. 9772 (5th Cir. 1985)"), but we assume he is referring to § 7426(a) (1) and (b)(1). In essence, this section permits an individual to sue for an injunction if he has an interest in property that he claims has been wrongfully levied. However, this does not help the plaintiff because § 7426 (a)(1) specifically excludes from its coverage "the person against whom is assessed the tax out of which such levy arose." The plaintiff does not argue that the other exceptions to the statute apply to his case, nor do we believe they apply.[4]

Therefore, we do not have jurisdiction over the plaintiff's claims for injunctive relief from the levies imposed on his bank accounts or his employer.

## B. __Plaintiff's Claim for Declaratory Relief__

In his amended complaint, the plaintiff seeks a "determination of taxpayer status," which we interpret as a request for a declaratory judgment that he is exempt from paying taxes to the United States, as he argues in his pleadings. To the extent this is a restatement of his request for injunctive relief, the Anti-Injunction Act bars it. To the extent he seeks declaratory relief,

---

[4] The other exceptions to § 7421 include: § 6015(e), which applies to persons seeking relief from joint and several liability on jointly filed return; §§ 6225(b) and 6246(b), which apply to taxation of partnership items; § 6672(b), which bars penalties unless notice is sent to the taxpayer in actions to collect and pay over taxes; § 6694(c), which applies to liability against income tax preparers; and § 7436, which states that a person may petition the Tax Court to determine whether the Secretary's determination of that person's employment status is correct.

he does not identify a statute that waives the United States' sovereign immunity from this type of suit.

The government correctly points out that the Declaratory Judgment Act, which states that "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration" specifically excludes claims "with respect to Federal taxes." 28 U.S.C. § 2201. There being no waiver of sovereign immunity for this type of claim, we have no jurisdiction to hear it.

## C. **Plaintiff's Claim for a Refund Under § 1346**

The plaintiff argues that the taxes which the IRS collected through the levies should be refunded to him. Section 1346(a) provides that the United States district courts have original jurisdiction over,

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

The Supreme Court, however, instructs that this grant of jurisdiction must be read in conformity with other statutory provisions qualifying it, namely 26 U.S.C. §§ 7422 and 6511(a). United States v. Dalm, 494 U.S. 596, 601-602 (1990). Section § 7422(a) tracks the language of 28 U.S.C. § 1346(a)(1), but expressly limits the right to bring a suit for a refund "until a

claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Unless the plaintiff strictly complies with this requirement, a refund action may not be maintained in any court "regardless of whether the tax is alleged to have been 'erroneously,' "illegally," or "wrongfully collected." Id. at 602 (noting that such a claim must be timely filed pursuant to § 6511); see also LaBonte v. United States, 233 F.3d 1049, 1051 (7th Cir. 2000) (observing that when Congress attaches conditions to its waiver of sovereign immunity, such conditions must be strictly observed).

The government points out in its brief supporting its motion to dismiss that the plaintiff failed to allege in his original complaint that he filed any claim for a refund with the IRS. Despite this opportunity to correct the problem, the plaintiff did not include any such allegation in his amended complaint. In his brief, he states that he "has filed a claim with the IRS for a recovery of the money taken through unauthorized levies." He appears to be referring either to a request for administrative review brought pursuant to § 7429 (a)(2), see infra note 3, or a "Demand to Cease and Desist Collective Activities" pursuant to the

Fair Debt Collection Practices Act.[5]   Neither of these two
documents constitute a request for a refund.

The plaintiff has failed to meet the conditions necessary for
this court to find a waiver of sovereign immunity on his claim for
a refund.

**D.   <u>Plaintiff's Claim for Damages for Wrongful Actions</u>**

Finally, the plaintiff seeks damages for the IRS's allegedly
wrongful actions, including punitive damages, liquidated damages,
double damages, front pay, and compensatory damages for emotional
distress.   The plaintiff invokes the Federal Tort Claims Act
("FTCA"), 28 U.S.C. § 1346(b)(1), which states, in pertinent part:

> [T]he district courts ... shall have exclusive
> jurisdiction of civil actions on claims against the
> United States, for money damages ... for injury or loss
> of property, or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of
> the Government while acting within the scope of his
> office or employment, under circumstances where the
> United States, if a private person, would be liable to
> the claimant in accordance with the law of the place
> where the act or omission occurred.

To the extent the plaintiff seeks damages for alleged violations of
the Constitution, however, the Supreme Court has noted that "the
United States simply has not rendered itself liable under § 1346(b)
for constitutional tort claims."   <u>Federal Deposit Insurance Co.</u>,

---

[5]   Although a plaintiff may not submit materials in opposition to a motion
to dismiss that raise new claims, a court may consider additional facts that are
consistent with the allegations in the complaint.  <u>See</u> <u>Albiero v. City of
Kankakee</u>, 122 F.3d 417, 419 (7th Cir.1997)(allowing supplemental facts to be
presented in an affidavit or brief because a complaint may not be dismissed
unless it is impossible to prevail under any set of facts consistent with the
complaint).  For this reason, we will consider the documents attached to the
plaintiff's brief.

510 U.S. at 486. Moreover, the Supreme Court has refused to recognize a direct action for damages against a federal agency for alleged constitutional violations. Id. at 486 (stating that the logic of Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) does not extend to federal agencies). As to non-constitutional tort claims, the FTCA expressly states that § 1346(b) "shall not apply to ...(c) Any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680.

Next, the plaintiff invokes 26 U.S.C. § 7433 which allows "civil damages for certain unauthorized collection actions."[6] This provision (like § 7422 and the FTCA, 28 U.S.C. § 2675(a)), requires that the taxpayer exhaust his administrative remedies prior to commencing suit. See § 7433(d). The government noted in its initial brief that the plaintiff failed to allege the filing of an administrative claim, and once again, the error remained uncorrected in the plaintiff's amended complaint. See infra C. Therefore, we find that the United States has not waived its sovereign immunity from suit for damages under § 7433(a).

The remainder of the plaintiff's arguments go to the merits of his claim that he does not owe taxes and that the levies imposed are unlawful. Because we have no jurisdiction to hear the case, we may not address the merits of his claim.

---

[6] "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433(a).

**CONCLUSION**

For the reasons discussed above, we find that the United States has not waived its sovereign immunity from suit, and we dismiss this action for lack of subject matter jurisdiction.


Date:     May 17, 2001


ENTER:    _____
          John F. Grady, United States District Judge